UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

EMMANUEL AINSWORTH FREDERICK,

                                 Petitioner,                      Case # 19-CV-6090-FPG

v.

                                                                     DECISION AND ORDER

THOMAS FEELEY, et al.,

                                 Respondents.
_____

     *Pro se* Petitioner Emmanuel Ainsworth Frederick brought this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, challenging his continued detention at the Buffalo Federal Detention Facility and requesting that this Court stay his removal. ECF No. 4. The government has filed a motion to dismiss, arguing that the petition is premature. ECF No. 7. For the reasons that follow, the amended petition is DENIED and DISMISSED, and the government's motion to dismiss is DENIED AS MOOT.

## BACKGROUND

     The following facts are taken from the record. Petitioner is a native and citizen of Trinidad and Tobago. He arrived in the United States in August 1982 as a lawful permanent resident. In July 2011, the government instituted removal proceedings against Petitioner, alleging that he was removable as a result of his conviction for attempted criminal possession of crack cocaine. ECF No. 7-2 at 1. An immigration judge denied Petitioner's motion for cancellation of removal and ordered him removed. The Board of Immigration Appeals dismissed Petitioner's appeal in June 2012.

     Petitioner was not immediately removed, however, and was instead released on an Order of Supervision in 2013. It was not until November 27, 2018 that Petitioner again "came into [immigration] custody." ECF No. 7-1 at 4. On February 2, 2019, the government obtained a travel

1

document so that Petitioner could be removed from the United States. The government alleges that Petitioner refused to be removed when it attempted to do so. *See id.* Petitioner disputes this characterization and argues that he is not at fault for the government's failure to remove him. ECF No. 10 at 3-4.

Regardless, on February 4, 2019, Petitioner filed the present action. ECF No. 1.

On April 4, 2019, Petitioner filed a petition for review with the Second Circuit, in which he appears to seek review of his 2012 order of removal. *See Frederick v. Barr*, No. 19-859, ECF Nos. 1, 2. The Second Circuit denied Petitioner's motion for a stay of removal, *id.* at ECF No. 22, but Petitioner has since filed a second motion to stay his removal. *Id.* at ECF No. 26. The Second Circuit has yet to act on the second request.

## DISCUSSION

The petition raises two distinct claims. First, Petitioner argues that his continued detention without a bond hearing violates his due process and Eighth Amendment rights. *See* ECF No. 4 at 8. He requests that the Court order the government to provide him with a bond hearing or, alternatively, release him. *Id.* at 9. Second, Petitioner contends that it would be inequitable to remove him, as his serious medical issues require costly medicine that is unavailable or unaffordable in Trinidad and Tobago. ECF No. 10 at 4-5. He requests that the Court stay his order of removal. ECF No. 4 at 9. The Court analyzes both claims in turn.[1]

**I. Detention**

As to Petitioner's continued detention, he is not entitled to relief. In several provisions, the Immigration and Nationality Act ("INA") authorizes the detention of aliens pending removal. One of two provisions could be relevant here—8 U.S.C. § 1226, which "governs the detention of aliens

---

[1] In his response to the motion to dismiss, Petitioner also requests that the names of his illness and medications be redacted from court filings. *See* ECF No. 10 at 5. The Court will not act on Petitioner's request at this time. To the extent Petitioner desires such relief, he should file a separate motion in which he identifies the particular documents and information that he wants redacted.

whose removal proceedings are ongoing," and 8 U.S.C. § 1231, which "governs the detention of aliens who are subject to a final order of removal." *Thomas v. Whitaker*, No. 18-CV-6870, 2019 WL 1641251, at *2 (W.D.N.Y. Apr. 16, 2019).

In other words, Section 1231 normally governs the detention of aliens who are simply waiting for the government to effectuate their removal. *See* 8 U.S.C. § 1231(a)(1)(A), (B); *Hechavarria v. Sessions*, 891 F.3d 49, 55-56 (2d Cir. 2018). Thus, if the alien has filed a petition for review and the circuit court of appeals has granted a stay of removal, the alien is deemed to be held under Section 1226, not Section 1231. *See Hechavarria*, 891 F.3d at 55-56. This Court has also held that at least in some circumstances, Section 1226 governs the detention of an alien whose motion to stay removal is merely pending before the circuit court of appeals. *See Thomas*, 2019 WL 1641251, at *3.

It is an open question whether Section 1226 or Section 1231 governs Petitioner's detention given the unique procedural history of his recent appeal: Petitioner has had an administratively final order of removal since 2012; he filed a petition for review with the Second Circuit on April 4, 2019; his motion for a stay of removal was denied on April 5, 2019; and he filed a second motion for a stay of removal on April 22, 2019, which remains pending. Nevertheless, the Court need not decide which statute governs Petitioner's detention, because under either provision he is not entitled to relief.

To the extent Petitioner's removal proceedings are treated as "ongoing," such that Section 1226 applies, Petitioner's detention is governed by Section 1226(c). Except in narrow circumstances not relevant here, "Section 1226(c) mandates detention during removal proceedings for a limited class of deportable aliens," including those, like Petitioner, who were convicted of controlled-substance offenses. *Demore v. Kim*, 538 U.S. 510, 518 (2003); *see also Jennings v. Rodriguez*, 138 S. Ct. 830, 846 (2018) ("§ 1226(c) makes clear that detention of aliens within its

3

scope *must* continue pending a decision on whether the alien is to be removed from the United States." (internal quotation marks omitted)); 8 U.S.C. §§ 1182(a)(2)(A)(i)(II), 1226(c)(1)(A).

Numerous courts have held that mandatory detention under Section 1226(c) may violate an alien's due process rights if the alien is held for an unreasonably long period. *See, e.g.*, *Hernandez v. Decker*, No. 18-CV-5026, 2018 WL 3579108, at *5 (S.D.N.Y. July 25, 2018) (collecting cases); *Hechavarria v. Sessions*, No. 15-CV-1058, 2018 WL 5776421, at *6 (W.D.N.Y. Nov. 2, 2018) (same). Once the alien's detention exceeds a reasonable period, the alien may be entitled to relief, including the right to a bond hearing with appropriate procedural safeguards. *See, e.g.*, *Fremont v. Barr*, No. 18-CV-1128, 2019 WL 1471006, at *7 (W.D.N.Y. Apr. 3, 2019); *Hernandez*, 2018 WL 3579108, at *11-12. Courts are not uniform in the factors they consider when evaluating whether detention has become unreasonably prolonged, but two factors of particular importance are (1) the length of detention and (2) the reason for delay. *See Fremont*, 2019 WL 1471006, at *4-5; *Sajous v. Decker*, No. 18-CV-2447, 2018 WL 2357266, at *10 (S.D.N.Y. May 23, 2018).

Ultimately, this Court need not determine the "precise contours of the process that must be afforded to a noncitizen detained under § 1226(c)," because Petitioner's due process rights have not, at this time, been violated. *Sigal v. Searls*, No. 18-CV-389, 2018 WL 5831326, *5 (W.D.N.Y. Nov. 7, 2018) (declining to adopt definitive standard for due process claims related to Section 1226(c) where Petitioner's circumstances demonstrated that his rights were not violated).

First, Petitioner has not been detained for a long period. Although courts have not imposed a brightline rule as to when the length of detention becomes constitutionally suspect, "detention that has lasted longer than six months is more likely to be 'unreasonable,' and thus contrary to due process, than detention of less than six months." *Id.* at *7; *see also Fremont*, 2019 WL 1471006,

at *4 (collecting cases). Here, Petitioner has been held for approximately five months. This factor weighs against his claim.

Second, any delays do not appear to be attributable to immigration authorities. Courts will generally consider "whether either side is responsible for the delay." *Fremont*, 2019 WL 1471006, at *5. "The Second Circuit has found that this factor weighs against finding detention unreasonable when an alien has substantially prolonged his stay by abusing the processes provided to him, but not when an immigrant . . . simply made use of the statutorily permitted appeals process." *Id.* (internal quotation marks omitted). Here, Petitioner has had an administratively final order of removal since 2012. After he was taken into custody in November 2018, but before he could be removed, Petitioner filed this habeas petition. He then refused removal on the basis that he was seeking relief from this Court. *See* ECF No. 10 at 3. In addition, on April 4, 2019, Petitioner filed a petition for review of his 2012 order of removal. *See* 8 U.S.C. § 1252(b)(1) (requiring that a petition for review be filed "not later than 30 days after the date of the final order of removal"). When the Second Circuit denied his motion for a stay of removal on April 5, Petitioner filed a second motion approximately two weeks later. While Petitioner may view his actions as justified in light of his medical condition and desire to remain in the United States, the delays attributable to his litigation strategy do not render his continued detention unreasonable. *See Sigal*, 2018 WL 5831326, at *6; *Baker v. Johnson*, 109 F. Supp. 3d 571, 586 (S.D.N.Y. 2015) ("Although Petitioner indisputably has every right to seek any relief from deportation for which he may be eligible, delay caused by his actions does not make continued detention unreasonable or unjustified." (internal quotation marks and brackets omitted)).

These factors persuade the Court that Petitioner's detention has not been unreasonably prolonged. Therefore, to the extent Petitioner is being held under Section 1226, his due process rights have not been violated.

As for Section 1231, that provision requires the government to remove an alien within a 90-day "removal period" once the alien's order of removal becomes final. *See* 8 U.S.C. § 1231(a)(1)(A); *Turkmen v. Ashcroft*, 589 F.3d 542, 547 (2d Cir. 2009). "The government is required to detain an alien ordered removed until removal is effected, at least for the removal period." *Turkmen*, 589 F.3d at 547. There is also a special provision, Section 1231(a)(6), that authorizes the government to detain certain categories of aliens if the alien is not removed during the removal period. *See* 8 U.S.C. § 1231(a)(6); *Hassoun v. Sessions*, No. 18-CV-586, 2019 WL 78984, at *3 (W.D.N.Y. Jan. 2, 2019). Given his controlled-substance conviction, Petitioner falls within the ambit of Section 1231(a)(6). *See* 8 U.S.C. §§ § 1182(a)(2)(A)(i)(II), 1231(a)(6).

The plain language of Section 1231(a)(6) "does not appear to impose any limitation on the length of an alien's detention." *Hassoun*, 2019 WL 78984, at *3. "But in *Zadvydas v. Davis*, 533 U.S. 678 (2001), the Supreme Court interpreted § 1231(a)(6) narrowly to avoid the possible constitutional problems with indefinite detention. It read the statute to impose certain implicit limitations on the government's authority [under § 1231(a)(6)]." *Id.* "The court held that an alien could be detained until it has been determined that there is no significant likelihood of removal in the reasonably foreseeable future." *Id.* (internal quotation marks omitted). Moreover:

> The *Zadvydas* court . . . provided a framework under which habeas courts are to review claims challenging continued detention under § 1231(a)(6). The ultimate question for the habeas court is "whether the detention in question exceeds a period reasonably necessary to secure removal." The presumptively reasonable period of detention is six months. Once that period has passed, an alien bringing a claim bears the initial burden of providing "good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future." If the alien makes such a showing, "the [g]overnment must respond with evidence sufficient to rebut that showing."

*Id.* (citations omitted).

Here, Petitioner's claim falls at the first step: he has not been detained beyond the presumptively reasonable period of detention. *See id.* Petitioner first came into immigration

6

custody on November 27, 2018, so the six-month period will not elapse until late May 2019. Therefore, to the extent Petitioner is being held under Section 1231(a)(6), his detention is currently reasonable under *Zadvydas*. His petition is premature. *See, e.g.*, *McGowan v. Tryon*, No. 14-CV-145, 2014 WL 2931413, at *4 (W.D.N.Y. June 27, 2014).

Therefore, Petitioner's continued detention without a hearing is not unlawful and he is not entitled to relief.[2]

## II. Removability

Petitioner also appears to be challenging his removal more generally. He contends that this Court should stay his removal on "hardship/humanitarian grounds" given his medical condition and his need for costly medicine. ECF No. 10 at 5. However, this Court does not have jurisdiction to stay removal for such equitable reasons.

One provision of the INA, Section 1252(a)(5), "precludes a district court from entertaining either direct or indirect challenges to a removal order." *McRae v. Sessions*, No. 16-CV-6489, 2018 WL 5960858, at *2 (W.D.N.Y. Nov. 14, 2018). "By extension, district courts do not have jurisdiction to grant stays of removal in such cases." *Id.* (internal quotation marks omitted). Another provision, Section 1252(g), prevents the Court from reviewing any "decision by [immigration authorities] to execute a final order of removal." *Id.* (internal quotation marks omitted). In effect, these provisions bar this Court from enjoining an alien's removal from the United States on the sorts of grounds Petitioner raises. *See id.* (denying motion for stay of removal due to lack of jurisdiction, where petitioner argued that he would suffer irreparable harm from removal—he would "be unable to care for his mother and father, both of whom have diabetes; he

---

[2] Petitioner's claim under the Eighth Amendment similarly fails. *See Sankara v. Barr*, No. 19-CV-174, 2019 WL 1922069, at *9 (W.D.N.Y. Apr. 30, 2019) (stating that, if the Excessive Bail clause applies to immigration detention, "there is little reason to believe that the [provision] might provide relief for mandatory detention that has become 'unreasonably prolonged' when the Due Process Clause does not").

7

[would] no longer receive benefits resulting from his military service; and he [would] have no place to live or means to earn money in [his home country]").

This is not to say that Petitioner's claims concerning his medical condition are not credible or cannot justify some relief, only that *this* Court is without jurisdiction to provide him with the relief he seeks. Whether Petitioner can obtain relief through other avenues—*e.g.*, through the BIA or the Second Circuit—is not a matter before the Court.

Accordingly, the Court lacks jurisdiction to provide Petitioner with a stay of removal.

## CONCLUSION

For the foregoing reasons, the amended petition (ECF No. 4) is DENIED and DISMISSED. Respondents' motion to dismiss (ECF No. 7) is DENIED AS MOOT. The Clerk of Court is directed to enter judgment and close this case.

IT IS SO ORDERED.

Dated: May 2, 2019
Rochester, New York

_____
HON. FRANK P. GERACI, JR.
Chief Judge
United States District Court